IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ANDREW MONTES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:21-CV-255-Z |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY RELIEF**

Petitioner, Andrew Montes, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 by a person in federal custody. Having considered the motion, the response, the record, and applicable authorities, the undersigned concludes that relief should be DENIED.

**BACKGROUND**

The record in the underlying criminal case, No. 2:20-CR-020-Z, reflects the following:

On February 27, 2020, Petitioner was named in a two-count indictment charging him in count one with attempted bank robbery, in violation of 18 U.S.C. § 2113(a), and in count two with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (CR ECF 23). Petitioner and his counsel signed a written plea agreement (CR ECF 43), which reflected Petitioner's agreement to plead guilty to count one of the indictment. They also signed a factual resume (CR ECF 45), which set forth the elements of the offense and the stipulated facts establishing that Petitioner had committed the offense. On July 31, 2020, Petitioner entered a plea of guilty to the charge alleged in count one of the indictment. (CR ECF 50). The Court engaged in an extensive colloquy with Petitioner, who testified under oath that: He had not been treated recently for any type of mental illness; he was not taking any kind of medication; he had

read and discussed the indictment with his counsel; he understood the elements of the offense; he was fully satisfied with his counsel and the representation and advice he had been provided; he had read and discussed with his counsel the plea agreement and supplement and he understood them; he understood that he faced a maximum term of imprisonment of 20 years; no one had made any prediction of promise as to what his sentence would be and that only the district judge would determine the sentence; he had read and discussed with his counsel the factual resume and it was true and correct in every respect and he committed each of the essential elements of the offense charged in count one of the indictment. (CR ECF 77).

On December 8, 2020, Petitioner appeared for sentencing. He chose to let his counsel speak on his behalf and declined the opportunity for allocution. (CR ECF 78 at 17–18). The Court sentenced Petitioner to a term of imprisonment of 66 months. (CR ECF 73). He did not appeal.

## GROUNDS OF THE MOTION

Petitioner sets forth three grounds in support of his motion. He alleges that he received ineffective assistance of counsel because counsel failed (1) to investigate Petitioner's intellectual disabilities, (2) to seek a competency hearing, and (3) to request a downward variance based on Petitioner's IQ and decreased culpability due to his intellectual disability. (ECF 2 at 4, 5, 7).

## STANDARDS OF REVIEW

**A. 28 U.S.C. § 2255**

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review

without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); see also *Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; see also *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*,

3

466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

In support of his first ground, Petitioner alleges that his counsel failed to investigate Petitioner's school records that showed he "had attended Special Education Classes during his School years, based on his Intellectual Disabilities." (ECF 3 at 5). He attaches a single page purporting to show that in 2007 Petitioner was "Considered Spec. Ed." based on an "OTHER HEALTH IMPAIRMENT." (*Id.* at 17). He offers nothing more than the conclusory allegation that his counsel did not spend enough time with him "to evaluate and notice that [Petitioner] is in [fact] a slow thinker and has a low IQ." (*Id.* at 5).

"A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome" of the case. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Here, Petitioner fails to provide the necessary specificity. His bald assertions about an intellectual disability do not meet the test. *Ross v. Estelle*, 694 F.2d 1008, 1011–12 (5th Cir. 1983). More importantly, Petitioner fails to demonstrate how counsel's knowledge of any disability would have affected the outcome of the case. *See Mays v. Stephen*, 757 F.3d 211 (5th Cir. 2014) (failure to demonstrate prejudice in case of alleged organic brain injury and resulting mental illness).

In support of his second ground, Petitioner alleges that he received ineffective assistance because his counsel failed to seek a competency hearing. Again, he offers nothing more than

conclusory allegations. In particular, he says that counsel's failure to investigate Petitioner's mental problems "may have affected plea negotiations and sentence." (ECF 3 at 6).

Competence to stand trial or enter a plea of guilty simply requires that the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him." *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (quoting *Dusky v. United States*, 362 U.S. 402 (1960) (internal quotations omitted)). As the Court concluded, Petitioner was competent to enter his plea in this case. (CR ECF 51; CR ECF 57).

To the extent Petitioner contends that his mental condition would have been a defense, he is mistaken. To establish an insanity defense, Petitioner would have to show "that, at the time of the commission of the acts constituting the offense, [he], as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts." 18 U.S.C. § 17. "Mental disease or defect does not otherwise constitute a defense." *Id.*

Finally, Petitioner alleges that his counsel should have requested a downward variance based on his intellectual disability. (ECF 2 at 7). His memorandum in support quotes articles regarding institutionalization of persons with disabilities that simply have no relevance because Petitioner has not shown that he is a person with a disability that would entitle him to different treatment than other defendants. (ECF 3 at 6–14). The presentence report reflects that Petitioner participated in special education throughout school. Due to academic struggles, he acted out, resulting in placement at alternative schools and/or programs. (CR ECF 59 at 15). Further, Petitioner had no history of mental or emotional health problems. (*Id.* at 14). Petitioner did not have any objections to the PSR and, in fact, adopted the facts and conclusions set forth therein. (CR ECF 78 at 7–8). His counsel referred to the PSR at sentencing, asking the Court to take into

account the offender characteristics set forth in the PSR. (*Id.* at16).

Even if Petitioner had shown that any particular evidence regarding his culpability was available, and he has not, failing to put on mitigating evidence is not *per se* ineffective assistance. *Rector v. Johnson*, 120 F.3d 551, 564 (5th Cir. 1997) (citing *King v. Puckett*, 1 F.3d 280, 284 (5th Cir. 1993)). Rather, the petitioner must make a "specific, affirmative showing of what the [mitigating] evidence would have been to lead to a lower sentence." *United States v. Israel*, 838 F. App'x 856, 871 (5th Cir. 2020) (quoting *Rector*, 120 F.3d at 564). Petitioner's bald assertions are not enough. *Ross*, 694 F.2d at 1011.

## RECOMMENDATION

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion of Petitioner, Andrew Montes, be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on August 30, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

# \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).